# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Tyrone Ransom, | ) | C/A No.  6:12-3141-JFA-KFM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| Lt. Lawrence; Mr. Tucker; Sgt. Jefferson; | ) | |
| Sgt. King; Counselor Aiken; and Counselor | ) | |
| Birch, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The *pro se* plaintiff, Tyrone Ransom, brings this action pursuant to 42 U.S.C. § 1983, contending that the defendants failed to protect him from a stabbing by the plaintiff's cell mate, Antonio Grate.  The plaintiff is incarcerated at the Lieber Correctional Institution where the alleged actions took place.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation wherein he suggests that the court should grant the defendants' motion for summary judgment.  The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

The parties were notified of their right to file specific objections to the Report and

---

[1]  The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02.  The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court.  *Mathews v. Weber*, 423 U.S. 261 (1976).  The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions.  *See* 28 U.S.C. § 636(b)(1).

Recommendation. The plaintiff filed timely objections thereto. The first nine pages of the plaintiff's objections consists of a verbatim recitation of the a large part of the Report, along with the text of Rule 15 of the Federal Rules of Civil Procedure. On page 10 of his objections, the plaintiff includes a section entitled "Questions presented to the court" which set out the gist of his opposition to the Report and Recommendation. Essentially, plaintiff claims that the Magistrate Judge relied upon defendants' affidavits while at the same time did not rely upon an affidavit from the plaintiff himself. Thus, the objection can be properly viewed as one suggesting that material issues of genuine fact exist in this case, thereby precluding summary judgment.

This court will acknowledge that there is a degree of conflict in the affidavits submitted by the parties. However, viewed in the light most favorable to the plaintiff, plaintiff is able to show, at best, that prison authorities were aware of the cell mate's somewhat troubled prison history, but the plaintiff cannot show, as he must, that the defendants "knew of and disregarded an objectively serious . . . risk of harm." *Brown v. N.C. Dep't of Corr.*, 612 F.3d 720, 723 (4th Cir. 2010).

To be sure, plaintiff has presented evidence that defendant Aiken was aware that Grate sometimes injured himself during his "episodes." Further, there is evidence that Grate was charged in 2009 with striking another inmate. Moreover, the plaintiff stated in his affidavit that before the stabbing incident, he spoke to all of the defendants "about the behavior of one Antonio Grate, his blackouts, punching on walls, kicking the bed frame with his feet, talking to himself, and la sting him having seizures."

As the Magistrate Judge observes, a plaintiff seeking to assert a failure to protect claim in a prison setting faces substantial hurdles.  Prison officials are charged with administering a system of incarceration of people with a variety of behavioral issues.  The fact that an inmate has seizures or may have assaulted another inmate in the past is not sufficient to establish liability under the law.  *See Baze v. Rees*, 553 U.S. 35 (2008) (noting that the Eighth Amendment protects against a risk of future harm that is "sure or very likely to cause serious illness and needless suffering.")  Here, the evidence, even viewed in the light most favorable to the plaintiff, shows that defendants may have been aware of Grate's blackouts and seizures, but this does not indicate a "substantial risk" that Grates was very likely to assault the plaintiff absent intervention by the defendants.

Thus, after considering carefully the objections lodged by the plaintiff to the Report and Recommendation, the court has concluded that the Report correctly disposes of this case.  All objections are therefore overruled; the Report is incorporated herein by reference; the plaintiff's motion for summary judgment (ECF No. 49) is denied; and the defendants' motion for summary judgment (ECF No.25) is granted.

IT IS SO ORDERED.

August 26, 2013                                    Joseph F. Anderson, Jr.
Columbia, South Carolina                           United States District Judge

3